[Civ. No. 9696. Second Appellate District, Division Two.—March 28, 1935.]

DR. H. McGARVEY, Appellant, v. SOUTHERN PACIFIC MILLING COMPANY (a Corporation) et al., Respondents.

Fred A. Shaeffer and David F. Hart for Appellant.

M. R. Van Wormer and McCutchen, Olney, Mannon & Greene for Respondents.

STEPHENS, P. J.—Judgment was had by plaintiff in the superior court and defendants sought and were granted a new trial. The plaintiff appeals. The motion was regularly called and continued on the twenty-first day of August, 1933, to the twenty-eighth day of August, 1933. On said last date the court was about to set the argument for the eighth day of September, 1933, whereupon Mr. Shaeffer attorney for plaintiff, stated that the date was not agreeable to him and the court fixed the date as the sixth day of September, 1933,—this being a date which Mr. Shaeffer stated would be convenient for him. On September 2, 1933, plaintiff filed an affidavit of bias and prejudice against Honorable T. A. Norton, who had presided at the trial of the cases and motion was made to call in another judge to hear the new trial motion. Judge Norton filed a counteraffidavit on the same day. Attorneys in the case stipulated that the motion as to the propriety of Judge Norton's hearing the motion for new trial should be heard on the fifth day of September, 1933, and that Judge Henderson of Ventura County should hear the motion.

On the fifth day of September, 1933, the motion to call in another judge to hear the motion of alleged disqualification of Judge Norton was regularly continued through stipulation of attorneys to the seventh day of September, 1933. On September 6, 1933, Judge Norton did not appear and no judge appeared and the court clerk adjourned court until the next day in accordance with section 139 of the Code of Civil Procedure. On September 7, 1933, there appeared upon the court's calendar (1) plaintiff's motion to call in another judge to hear the motion for new trial and (2) the argument on the motion for a new trial. Judge Henderson presided and called the motion to call in another judge, etc. All concerned were present except Fred A. Shaeffer, attorney for plaintiff. W. J. Minville, an attorney practicing in this state, appearing for a limited purpose, objected to the court's proceeding on the ground that Mr. Shaeffer was not present. Considerable argument ensued but finally later in the day Mr. Shaeffer appeared and objected to any proceedings on the ground that he had not had legal notice of the time the motion had been set for.

We think the matter of time was entirely regular up to this point in the case. Mr. Shaeffer then stated in open court that he wished time to subpoena a witness and he was thereupon informed that the witness was in court. Over the objection, the court heard the motion and determined that Judge Norton was not biased or prejudiced.

Judge Norton then took the bench, all parties present by counsel. Counsel for defendant was about to address himself to the motion for a new trial, whereupon counsel for plaintiff objected "upon the ground that there has been no notice whatsoever ever given to the plaintiff in this action as to the time and place of hearing this motion for a new trial". He further stated "I understand the law to be that the matter must be set down by the court and the clerk must give written notice at least five days of the time and place of the hearing of this motion."

Counsel now claims that he should have had twelve days' notice under section 1005 of the Code of Civil Procedure, as the place of hearing was thirty miles from his office. Five days' notice was given and while it may be that section 1005

of the Code of Civil Procedure does not apply here, we think we are not required to decide that question.

■ The objection seems to us to be without merit. The hearing of argument on the new trial motion was set in open court for a date specifically fixed to suit counsel's then expressed convenience. He, therefore, cannot now be heard to complain of lack of notice. It was in effect a consent to the shortening of time if a greater time were really required and the court's order was in effect a shortening of such time. It should be remembered, too, that the court was under no obligation to hear argument at all under sections 656 and 661, inclusive, of the Code of Civil Procedure.

■ Counsel had consented to the setting of the motion to disqualify Judge Norton from passing on the motion for new trial on the day following the day set for hearing it. He knew, therefore, that the argument on the motion for new trial could not be heard upon the date it was set and that it would have to be continued. It was his duty to know to what date it was continued. ■ As we understand the law, an adjournment of court to the next day in the absence of the judge under section 139 of the Code of Civil Procedure, acts as a recess in the court's sessions (sec. 74, Code Civ. Proc.) and carries all calendar matters with it. Counsel, therefore, cannot successfully plead that he was without notice that the argument would be called up the next day, and after all, he was in court when the argument was made and was given the opportunity to indulge therein —certainly no prejudice was suffered by him or his client.

■ We do not herein mean to hold that a setting in open court with counsel present necessarily waives notice. What we mean to say is that an attorney cannot through his own action in open court consent to a date for hearing which does not permit of the legal time of notice and thereafter complain that the time of service was not legally sufficient.

■ Plaintiff also asks us to consider the point that the pleadings do not properly present an issue as to damages. Whether or not this point is properly before us, we have considered it and we think the pleadings taken as a whole put the issue of damages before the court at least as to whether or not there was *any* damage. There is also pleaded a cross-

complaint and the motion for new trial encompasses the proceedings had thereunder as well as under the complaint.

The orders on the motions appealed from are affirmed.

Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1935.